HIGGINS v. MENDENHALL.

1. **Statute of Limitations**: CHANGE OF STATUTE: FRAUD. Where a cause of action, based upon fraud, had not accrued more than five years before the enactment of the statute prescribing that "actions for relief on the ground of fraud or mistake shall not be deemed to have accrued until the fraud or mistake shall have been discovered," it was *held*, that the right of action would continue until barred by the later statute.

*Appeal from Jefferson Circuit Court.*

WEDNESDAY, APRIL 5.

THE averments of the petition substantially are: That in May, 1865, there was a settlement had between plaintiff and Daniel Mendenhall, deceased, in which there was a mistake, and that Mendenhall knew of this mistake, and fraudulently concealed it, and accepted the money paid him by plaintiff, who did not know of the mistake and fraud until October, A. D. 1874. This action was commenced in December, 1874, to recover the amount paid by him through said mistake.

Defendant demurred on the ground that the cause of action was barred by the statute of limitations. The demurrer being sustained, plaintiff appeals.

*Stubbs & Leggett*, for appellant.

*Slagle & Acheson*, for appellee.

SEEVERS, CH. J.—In 1870 the General Assembly enacted the following: "In actions for relief on the ground of fraud or mistake, * * the cause of action shall not be deemed to have accrued until the fraud or mistake * * shall have been discovered by the party aggrieved." Laws Thirteenth General Assembly, Chap. 167, Sec. 9. This law took effect by publication on the 29th day of April, A. D. 1870. According to the averments in the petition, the mistake and fraud occurred in May, A. D. 1865. Under the Revision, Sec. 2740, which was in force at the time the law of 1870 took effect, the action was barred in five years from the time the cause of action accrued, which was at the settlement in May, A. D. 1865. It will be seen that the existing cause of action was not barred on the 29th day of April, A. D. 1870, when the act of that year took effect. The last law is not retrospective in its character, nor is it necessary it should be to bring the cause of action within its provisions. The statute relates to and affects the remedy only, and, inasmuch as there was then an existing cause of action when the statute took effect, such action is within the scope of the statute, and is not barred until five years after the discovery of the fraud by the party aggrieved. We have reference alone to the cause of action stated and as stated in the petition; whether the plaintiff can recover on that without more is not determined.

REVERSED.