## HARWOOD v. QUINBY ET AL.

1. **Taxation:** IN AID OF RAILROADS: DUTY OF TRUSTEES. Under Chapters 2 and 50, Laws of 1872, it was the duty of the township trustees, after a tax had been voted to aid in the construction of a railroad and the engineer's estimates together with an order of the president of the company had been presented, showing that the statute had been complied with and that the company had expended more than the amount of the tax in the township, to certify the fact to the county treasurer.

2. ——: ——: STATUTE OF LIMITATIONS. The statute of limitations would not operate to bar an action of mandamus to compel the trustees to perform this duty, in a case where the tax had been voted prior to the enactment of these statutes, until three years after they took effect.

3. ——: ——: EVIDENCE. No contract, stipulation or reservation could be set up to defeat the tax unless the same was in writing.

4. ——: ——: DISCRETION OF TRUSTEES. The discretion of the trustees in such case was limited to the determination of the facts that the road had been built and that the order of the president of the corporation was accompanied by the necessary estimates.

5. **Practice:** INTERVENTION: MANDAMUS. In an action of mandamus to compel an officer to do certain acts necessary to the levy of a tax voted in aid of a railroad a tax-payer cannot intervene.

*Appeal from Floyd District Court.*

THURSDAY, OCTOBER 19.

THIS action was commenced on the 6th day of November, 1874. The petition states that in 1868 the Cedar Falls & Minnesota Railroad Company had in part constructed its road from Cedar Falls in a northwesterly direction through Floyd county to the State line, and in order to induce the location of said road through section 15, in township 94 north of

range 16 west, conferences were held between the representatives of said company and the citizens of Floyd township in said county, which resulted in calling an election on the 28th day of October, 1868, for the purpose of determining the question by the voters of said township whether a tax of five per cent should be levied for the purpose of aiding in the construction of said road; that in the notice calling said election it was provided said tax should be paid to said company when the road was completed through said section fifteen; that a majority of the votes at said election were cast in favor of the proposition and the result accordingly declared, and the township trustees declared the per centum of said tax should be five per cent on the valuation of said township, and the township clerk was ordered to, and did, certify the same to the clerk of the board of supervisors, and said clerk delivered the proper tax list to the treasurer for collection about January 1st, 1869; the total amount of said tax being about $12,000, of which the treasurer collected $800, and various tax-payers paid $1,500 in a way and manner satisfactory to the company, and no further sum has ever been collected; that during the year 1869 the road was completed through said section fifteen and also through the township, and in doing so more than fifty thousand dollars was expended; that on the 28th day of December, 1874, the plaintiff presented to the defendants, they being the trustees of said township, a written request, asking them to certify to the treasurer of said county that said company had in all respects complied with the statutes in relation to said tax, and that said company had entered into no contract or agreement in writing in relation thereto; that plaintiff had previously presented an order on said treasurer, duly executed by the president of said company, whereby such treasurer was directed to pay said tax to the plaintiff, attached to which order were the estimates of the engineer in charge of the construction of said road, whereby it was shown that more than fifty thousand dollars had been expended in said township, and which said order and estimates of the engineer were presented to said defendants at the time said request was made; that defendants neglected and refused

to issue such certificate, and an order of mandamus is asked to compel them to perform such duty.

Among other defenses, the defendants answered as follows:

(*2nd Count.*)

And, for further answer, admits that on or about the 28th day of December, 1874, at a meeting of the trustees of said township plaintiff demanded of said trustees, in writing, that they certify to the treasurer of Floyd county that said Cedar Falls & Minnesota Railroad Company had in all respects complied with the statutes relative to the tax designated in the petition, and that said company was entitled to the same.

*Paragraph* 2. And defendants say that said trustees, at said meeting, ordered that said demand made by plaintiff be considered and acted upon at a meeting of said trustees to be held on the 25th day of January, 1875, of which order plaintiff had due notice.

*Par.* 3. And defendants say that at a meeting of said trustees of said township held on the 25th day of January, 1875, at which all of said trustees were present, said trustees acted upon plaintiff's demand and determined and adjudicated plaintiff's claim, and found, from evidence submitted to them and from facts within their own knowledge, that the Cedar Falls & Minnesota Railroad Company did not construct said road on the faith of said tax or in consideration of the same.

*Par.* 4. That, previous to the voting of said tax, said railroad company had informed said Harwood that they would not accept said tax, and that said Harwood had made arrangements with said company whereby said road was to be built on the present line, independent of and without said tax.

*Par.* 5. That the plaintiff falsely and fraudulently procured said tax to be voted by false and fraudulent representations made to the voters of said township that the road would not be built unless said tax was voted; that said voters, relying on said representations, voted for said tax; that plaintiff, by collusion with one Kennedy, procured said Kennedy to execute an order on the treasurer of said county for ten thousand dollars of said tax, he assuming to act as president of

said company, and that said Kennedy was not authorized to make said order by said company.

He, also by collusion aforesaid, colluded with one Judd Bradley, who assumed to act as acting engineer of said company, to execute a certificate purporting to be estimates of said engineer showing that an amount equal to the amount of the tax had been expended by said company in the construction of said road within Floyd county.

*Par.* 6. And defendants say that by reason of the facts so found by said trustees, it was decided and ordered by said trustees that plaintiff's demand be not granted, and he was not entitled to said tax; defendants further say that all the aforesaid findings of said trustees, and their action and order refusing to execute said certificate and with the evidence submitted upon which said action is based, are fully entered upon the records of the proceedings of said meeting and preserved by the clerk of said meeting.

(*3rd. Count.*)

On the 1st day of February, 1869, said company had expended within said county of Floyd, and within said township, an amount equal to the amount of said tax, and had completed said road to said point and through said section 15, on or before August 1st, 1869; that from and after the 1st day of February, within the period of three years, the order of the president or managing director of said company, for the amount of said tax was not presented to the treasurer of said county accompanied by estimates of the engineer in charge of the work on said road, showing that an equal amount had been expended by said company in said county in the construction of said road; defendants aver that said treasurer did not, on or at any time after said 1st day of February, collect, or attempt to collect said tax, or any part thereof; and defendants aver that said order of such president or managing director of said company, accompanied by said estimates of said engineer, was not presented to said treasurer at any time before the commencement of this suit.

And defendants say that plaintiff's cause of action did not

accrue at any time within three years next before the commencement of this suit, wherefore defendants say that plaintiff's right of action is barred by the statute of limitation.

*(4th Count.)*

And for further answer and defense to plaintiff's action, defendants say that said tax was procured to be voted by the false and fraudulent representations of plaintiff in this: that in the summer of the year 1868, said Cedar Falls & Minnesota Railroad Company was about to locate and construct its road through said county of Floyd; that the plaintiff was, in said year, a resident voter and large property owner in said township; that prior to the voting of said tax the plaintiff, secretly and without the knowledge of defendants or the voters of said township, entered into an agreement with said company, whereby it was agreed that said road should be located and constructed through section 15, in said township, to a point about forty rods from a flouring-mill then owned by plaintiff, in consideration that plaintiff should execute his bond to said company in the sum of seven thousand dollars to be paid to said company, on condition that said road should be so located and constructed. And defendants aver that the further terms of said agreement were, that any tax which plaintiff might procure to be voted in said township ostensibly to aid in the construction of said road, should inure to the use and benefit of plaintiff, and that plaintiff might use the name of said company to procure the voting and payment of said tax to his use and benefit. Whether said agreement was written or verbal, defendants have no knowledge or information sufficient to form a belief.

Defendants further say that, at the time of making said agreement with said company, and before the voting of said tax, plaintiff did execute and deliver his bond to said company for said sum of seven thousand dollars, conditioned as aforesaid, in pursuance of his said agreement.

That, after executing and delivering said bond, and before the voting of said tax, plaintiff was active in conferring with the voters of said township, both privately and publicly, for

the purpose and with the intent to influence and induce said voters to vote a tax, ostensibly to aid in the construction of said road; the plaintiff publicly stated to all the voters of said township, that said company had promised and agreed with him to locate and construct its road through said township on on condition of receiving the sum of fifteen thousand dollars therefor, or of being secured the payment of said sum; and the plaintiff further stated to all the voters of said township, that, if a tax of five per cent should be voted by said township to aid in the construction of said road, he himself would subscribe and pay to said company the sum of seven thousand dollars, which sum, together with said tax, would make up the sum of fifteen thousand dollars demanded by said company, in consideration of so locating and constructing their road.

And the plaintiff further stated to all of said voters, that said company refused and would not construct its road through said township except upon receiving, or being guaranteed, the sum of fifteen thousand dollars in consideration thereof.

And defendants aver that all of said statements made by plaintiff to said voters, as aforesaid, were false and known to the plaintiff to be false, and that they were made for the purpose and with the intent to defraud these defendants, and other taxpayers of said township.

Defendants aver that the voters of said township relied upon said statements made by plaintiff to them, and believed them to be true, and that a majority of said voters were thereby induced to vote for said tax. Defendants aver that neither defendants, nor the voters of said township, knew of the aforesaid secret agreement between the plaintiff and said company, prior to the voting of said tax, or prior to the construction of said road.

Defendants aver that the order designated in the petition, purporting to be the order of the president of said company, and the certificate, purporting to be the certificate of the engineer of said company, were made and presented to said treasurer of said county for the purpose of procuring the payment of said tax to plaintiff, in pursuance of said fraudulent

agreement with said company, and that the same were made without the knowledge or consent of said company.

A motion was made to strike the foregoing and other portions of the answer not set out, and by agreement of counsel, the motion is to be regarded as a demurrer where such is proper, and as a motion where that is proper. Such motion, or demurrer, was sustained, and the defendants appeal.

*J. S. Root* and *J. M. Parsons*, for appellant.

*Starr, Patterson & Harrison*, for appellees.

SEEVERS, CH. J.—I. The tax was voted in October, 1868, and the road was completed, as alleged in the answer, as early 1. TAXATION: as August, 1869, and this action was commenced
in aid of rail-
road. in November, 1874; therefore not only three, but five, years had elapsed between the completion of the road and the commencement of this action.

It was held, in *Prescott v. Gonser*, 34 Iowa, 175, that the statute of limitations of three years barred an action brought against a county auditor for the omission of an official duty. Conceding the principle determined in that case to apply in this (which question we do not determine), still we are of the opinion that the present action is not barred by either the third or fourth sub-divisions of section 2529 of the Code.

Under the act of 1868, in accordance with the provisions of which the tax in question was voted, the township trustees had no duty to perform, except to give notice of the election, canvass the same, determine the per centum of tax, and cause the township clerk to prepare and certify to the clerk of the board of supervisors the proper lists. When this was done, the duty of the trustees was at an end. It was the duty of the county treasurer to collect the tax and pay the same upon the order of the president or managing director of the corporation; such order, however, before the treasurer could be compelled to collect and pay over, must have been accompanied by the estimates of the engineer in charge of the work, showing that an equal amount had been expended in the construction of

the work in the township and county.  See *Harwood v. Case,* 37 Iowa, 693, in relation to this same tax.

Under the act of 1868, the plaintiff had a right of action against the county treasurer as early, it may be said, as August, 1869; and, conceding such right of action to be fully barred at the time this action was commenced, this by no means determines the question as to these defendants.

Chapters two and fifty of the general laws of the Fourteenth General Assembly took effect in March, 1872.  These acts cast on the defendants the duty which the petition seeks to compel them to perform, and in aid of which a mandamus is asked.

No right of action, for the cause of action stated in the petition, accrued against these defendants until said acts took 2. ——: ——: effect, and this action was commenced within three statute of lim- itations. years thereafter.  The defendants cannot avail themselves of the period of time preceding such time as they had an official duty to perform as a shield or protection against the omission to perform such official duty.  However good the bar may be as to the county treasurer, the defendants can- not have the benefit thereof.  In three years from the taking effect of said acts, and not until then, will the bar of the stat- ute be complete or available as to the defendants.

Besides this, the statutory bar as to the treasurer was not complete until August, 1872; therefore, there was an existing cause of action against the treasurer when the acts of 1872 took effect.  Such being the case, it was competent for the General Assembly to enlarge the statutory bar as to actions not barred at the time said acts took effect.  *Higgins v. Men- denhall,* 42 Iowa, 675.  If, therefore, the principle prevails that it is the right of action alone, without reference to the person upon whom the statute operates, it will still be seen the statutory bar was not complete at the commencement of this action.

II.  It was held, in *Muscatine W. R. R. v. Horton,* 38 Iowa, 33, that no contract, stipulation or reservation could be 3. ——: ——: set up to defeat the tax, unless it was in writing; evidence. and, as it is not averred in the answer that any of

the several matters set up as defenses were in writing, the answer was obnoxious to a demurrer.

It is, however, urged that defendants were acting judicially, and had a discretion to exercise, and having acted or exercised such discretion, their action is final. As there 4. ——: ——: *discretion of trustees.* was no written evidence of any contract or reservation, their judicial discretion was somewhat limited. They could determine whether the road was completed; whether an order from the president of the corporation, accompanied by the necessary estimates, had been presented to the treasurer, and nothing more.

These matters are admitted in the answer, but it is said the order, and perhaps the certificate of the engineer, had been fraudulently obtained. Of such fraud the defendants cannot complain; possibly the corporation might, but that question is not before us.

Suppose it to be true, as claimed, that fraudulent means were used to carry the election for the tax, such fact would not excuse the defendants from performing the official duty cast on them by the statute.

What must be intended by judicial discretion, as applied to the facts of this case, is that the defendants had the right to determine the road had not been completed, and as to the order and estimates. The certificate of the engineer was conclusive that the amount stated by him had been expended. The question the defendants had to determine, as to the order and certificate, was, whether they were before them, and not as to how they were obtained.

A statute in New York empowered the board of supervisors to determine claims for illegal assessments. It was held, when the existence of the claim was undisputed, the board could not, under the pretense of exercising judicial discretion, arbitrarily reject it. *The People v. Supervisors of Otsego County*, 51 N. Y., 401. So, in the case at bar, the defendants seek to justify or base their action on things that they had no right to take into consideration, and arbitrarily refused to certify as by law required to do. This is not judicial discretion or anything like it.

III. One Cunningham sought to intervene in this action, and also to file a cross-petition and counter-claim on the ground that he was a tax-payer, and that a judgment against the defendants would cast a cloud on real estate owned by him.

**5. PRACTICE:** intervention: mandamus.

The petition seeking to intervene was, on motion of the plaintiff, struck from the files, and leave to file the cross-petition and counter-claim was refused  To these rulings, the said Cunningham excepted, and assigns the same as error.

No authority has been cited by counsel in support of the right to intervene in this kind of an action, and on princple we are of the opinion that the action of the court below was right. The judgment against the defendants cannot of itself affect the tax-payer prejudicially. Besides this, it would be strange, indeed, if another could intervene and excuse, by reason of something peculiar to himself, the omission of an official duty on the part of a public officer.

AFFIRMED.