THE IND. DIST. OF SHELDON v. THE BOARD OF SUPERVISORS OF SIOUX COUNTY ET AL.

1. **School District**: ORGANIZATION : TAXATION. Where two independent districts were organized, embracing certain common territory, it was *held* that such territory would be included in the limits of the district whose organization was first commenced, and that it was the duty of the board of supervisors to levy the tax in its favor.

2. ———: ———: CONTIGUOUS TERRITORY. Courts will not consider whether certain territory included in an independent school district is contiguous thereto until the aid of the officers of the district has been first invoked.

*Appeal from Sioux District Court.*

WEDNESDAY, OCTOBER 8.

IT is stated in the petition that the plaintiff had been duly organized, and had properly certified to the defendant board of supervisors the amount required for teachers', contingent and school-house fund, and had requested said board to levy taxes accordingly; that said board refused so to do, and the

relief asked was a *mandamus* compelling the performance of the alleged duty. The answer set up several defenses, and presented for determination the questions considered in the opinion. There was a reference and a finding of facts. A motion to set aside the report was overruled, and judgment entered in accordance with the finding of the referee. The defendants appeal.

*Edward Henn, E. H. Hubbard* and *Rufus Stone,* for appellants.

*D. A. W. Perkins* and *O. M. Barrett,* for appellee.

SEEVERS, J.—I. The difficulty in this case is caused by the fact that the plaintiff and Independent District of Grant both claim jurisdiction over certain territory. Both of these districts certified to the board of supervisors the amount each required to be levied as taxes on the disputed territory for teachers' and contingent fund.

1. SCHOOL district: organization: taxation.

The board refused to make any levy for the amount certified by the plaintiff, but did levy the amount certified by the Independent District of Grant. The appellants insist this action was right, or, if not, that the board acted judicially, and that its action cannot be reviewed in this proceeding. On the part of the plaintiff it is insisted that its organization was effected first in point of time, and, such being true, that it was the duty of the board to levy the taxes asked for by it. The finding of the referee is to the effect that both districts were duly organized, and that their proceedings were in all respects regular, including the certificate required as to the respective amounts required to be levied by each, as provided in section 1777 of the Code. The organization of the plaintiff was effected in strict accord with sections 1800 and 1801 of the Code. The petition contemplated in the last section was presented to the proper board of directors on the 30th day of December, 1876. The requisite order was made on

660        SUPREME COURT OF IOWA,

The Ind. Dist. of Sheldon v. The Board of Supervisors of Sioux Co.

the same day, the required notices posted, and the election held on the 30th day of January, 1877. The result of the election was in favor of separate organization. The election for directors was held on the second Monday in March, 1877. The initial proceeding to incorporate the district of Grant was had on the 15th day of February, 1877, and the board of directors thereof was elected on the second Monday of March, 1877.

It will be seen that the organization of the plaintiff had been fully determined, and it was in all respects complete, except the election of directors, before any steps had been taken toward the organization of the district of Grant. When asked to make the levy by both districts, the board of supervisors was fully informed of the foregoing facts, and that the organization of both districts had been fully completed. What, then, was the duty of the board? To make the levy asked by that district which was first in point of time. By the proceedings taken by the plaintiff it had obtained jurisdiction over the disputed territory before any steps were taken to organize Grant. The right to complete its organization, as provided by law, followed. It could not be ousted of its jurisdiction over the disputed territory by anything done subsequent to the commencement of the proceedings to organize the plaintiff, unless the attempted organization was abandoned, or was not completed within the time required by law. It was, therefore, the duty of the board to levy the taxes as required by Code, § 1777. This act was not judicial, but purely ministerial. It was not the province of the board to investigate and determine whether either of the districts was legally organized, or that one had the better right to include the disputed territory within its boundaries. The plaintiff had taken the first steps in this direction, and, on the face of the papers presented to the board, had, apparently at least, complied with the provisions of the statute touching its organization. Under such circumstances it was the duty of the board to make the levy asked by the plaintiff.

The question whether the interests of the tax payers would be best subserved by including the disputed territory within the boundaries of either district could not be investigated or determined by the board. Such question could only be determined in other proceedings. An officer cannot shield himself from the performance of an official duty by invoking the rights of the tax payers, or, in this instance, the rights of the district of Grant. *Harwood v. Quinby*, 44 Iowa, 385. The rights of the tax payers, or of said district, to contest the validity of the tax is in no manner prejudiced by the levy, whether the same be voluntary or compulsory.

II. It is urged the disputed territory is not "contiguous" to the town of Sheldon, which is included within the boundaries of plaintiff. With such question the board had nothing to do. Nor can it be determined by this court in this proceeding. It is questionable whether it is not within the exclusive jurisdiction of the school officers. But, whether this be true or not, without doubt, we think, the aid of such officers must be first invoked before the courts can take cognizance of such question, and then only as is provided by law. It is proper to remark that the disputed territory does not join the town of Sheldon, there being other territory between the town and that in dispute, but the whole was included within the boundaries of the plaintiff. There was no intervening territory belonging to any other district, and the territory in dispute was contiguous to the town of Sheldon, in so far as it is not unreasonably distant for school purposes. The district of Grant was not a necessary party to this action for the simple reason that its rights are in no manner affected by the judgment rendered by the court.

Other errors are assigned, but they are not pressed in argument, and, under the settled practice, they are regarded as waived.

AFFIRMED.