### HAROLD A. STORER *vs.* JEREMIAH F. DOWNEY.

Suffolk.   January 16, 1913. — June 18, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Municipal Corporations*, By-laws and ordinances, Veto of mayor.   *Constitutional Law*, Police power.   *Garage.   Cambridge.*

The enactment of an ordinance by a city under authority of R. L. c. 104, § 1, providing that "no building shall be erected for or converted to use as a garage unless such use is previously authorized by the board of aldermen," is a valid exercise of the police power which does not exceed the scope of the statute.

Under St. 1907, c. 565, § 3, the mayor of Cambridge, in returning without his approval an order of the board of aldermen granting authority to erect a garage in that city, complies with that statute if he states objections in writing founded on considerations of municipal policy other than "the prevention of fire and the preservation of life," which are named in R. L. c. 104, § 1.

PETITION, filed on November 12, 1912, for a writ of mandamus addressed to the superintendent of public buildings in Cambridge ordering him to issue to the petitioner a permit to erect a garage at number 41 on West Street in Cambridge.

The facts which appeared by the petition, the answer of the respondent and the annexed exhibits are stated in the opinion. The case came on to be heard before *Morton, J.,* who reserved it for determination by the full court.

*F. J. Carney, (C. E. Lawrence* with him,) for the petitioner.

*J. F. Aylward,* for the respondent.

RUGG, C. J. This is a petition for a writ of mandamus by a landowner against the superintendent of public buildings of Cambridge.

An ordinance of the city of Cambridge (passed under the authority of R. L. c. 104, § 1), provides that "No building shall be erected for or converted to use as a garage unless such use is previously authorized by the board of aldermen." This is a valid exercise of the police power. The disagreeable incidents of a garage are well known. They have been adverted to frequently in recent decisions of this court. See, for example, *Riverbank Improvement Co.* v. *Bancroft,* 209 Mass. 217, 223; *Noyes* v. *Cushing,* 209 Mass. 123, 126, and cases cited. Oil and gasoline, almost inevitably stored and used in them, are so highly inflammable and explosive that they may increase the danger of fire, no matter how carefully the building be constructed nor how non-combustible its materials. Although lawful and necessary buildings, they are of such character that regulation of the place of their erection and use is well within settled principles as to the police power.

The ordinance in its terms differs in no essential particular from many others which have been sustained. *Salem* v. *Maynes,* 123 Mass. 372. *Commonwealth* v. *Hubley,* 172 Mass. 58. *Newton* v. *Joyce,* 166 Mass. 83. *Worcester Board of Health* v. *Tupper,* 210 Mass. 378. The case is plainly distinguishable from *Commonwealth* v. *Maletsky,* 203 Mass. 241, and *Goldstein* v. *Conner,* 212 Mass. 57, and the cases collected in each of these opinions, where either an innocuous matter has been made utterly dependent upon the action of a public board or a possibly harmful business upon that of a subordinate officer, or the ordinance has been broader than the statute authorized. Here the public board itself is empowered to deal with a subject which may endanger the safety of persons and property, and the ordinance does not exceed the scope of the statute.

The petitioner duly presented a petition to the board of aldermen,

which passed an order granting him authority to erect the garage. The mayor vetoed the order, giving as his reason "not because it appears to be necessary . . . for the prevention of fire and the preservation of life," but because he thought some policy respecting garages in residential districts should be adopted by the city and because he was opposed to their establishment in residential districts contrary to the sentiment of abutting property owners. It is contended that a veto for such reasons is a nullity and that the order of the board of aldermen is effective notwithstanding the attempted veto. This contention cannot be sustained. The mayor stated his objections in writing at some length as required by St. 1907, c. 565, § 3. Hence the difficulty which was held fatal in *Mayor of Lowell* v. *Dadman,* 191 Mass. 370, does not exist. There is no requirement that his objections shall be based upon any defect in law in the order, nor that they shall be such as may commend themselves to any outside tribunal. The object of the statute is that the mayor shall state his reasons in order that they may be weighed by the body passing the order, upon whom alone rests the duty of deciding whether they are sound. The objections urged by the mayor in the present case are not whimsical or absurd, but obviously grounded upon what seemed to him a wise municipal policy. They were such as might rightly be considered by the board of aldermen, and their failure to pass the order, the mayor's objections to the contrary notwithstanding, rendered the order nugatory.

*Petition dismissed without costs.*