CITY OF CLINTON, Appellant, v. WILLIAM DONNELLY, Appellee
(H. R. SUGG, Intervener, Appellant).

MUNICIPAL CORPORATIONS:  Ordinances—Storage of Gasoline—
1  Vested Right.  A person who has the right, under an ordinance, to
store gasoline in a certain quantity *without a permit* from the city,
and the right to store gasoline in excess of said quantity only *with
such permit*, and who is refused a permit for such excess storage, does
not, by thereafter erecting his storage tanks, acquire a vested right to
store gasoline in said lesser quantity without a permit.  In other words,
the ordinance may validly be amended by reducing the quantity which
may be stored without a permit.

MUNICIPAL CORPORATIONS:  Nuisance—Storage of Gasoline—In-
2  junction.  The proper officer charged with the enforcement of the
"Housing Law" may maintain an action to enjoin the storage of
gasoline on residence property without a permit.            •

Headnote 1: 12 C. J. pp. 967 (Anno.), 1087.  Headnote 2: 43 C. J. p. 406.

Headnote 1: L. R. A. 1917F, 1005; 18 A. L. R. 101; 26 A. L. R. 944;
29 A. L. R. 450; 34 A. L. R. 507; 42 A. L. R. 978.

*Appeal from Clinton District Court.*—W. W. SCOTT, Judge.

APRIL 5, 1927.

Action in equity, to restrain the storage of gasoline and the
operation of an oil station upon a lot on which there is a dwell-
ing house, and which is situated within an alleged restricted
residential district.  There was a petition of intervention by
·H. R. Sugg, the health officer of the city of Clinton, asking in-
junctive relief.  Decree dismissing the petition of plaintiff, and
also cross-petition and judgment against them for costs.  The
defeated parties appeal.—*Reversed and remanded.*

·  *J. D. Carstensen* and *E. L. Miller,* for appellants.

*John E. Purcell* and *Chamberlin & Chamberlin,* for ap-
pellee.

STEVENS, J.—I.  This action was brought to enjoin the al-
leged continuous violation of three ordinances of the city of

Clinton, namely: An ordinance, which we will designate as No.

1. MUNICIPAL
CORPORATIONS:
ordinances:
storage of gaso-
line: vested
right.

40, approved September 11, 1899, prohibiting the storage of inflammable burning fluids in quantities greater than five barrels, without a permit from the city council, subject, however, to certain qualifications and regulations not here material; an ordinance which we will designate as No. 437, approved May 5, 1925, amending Ordinance No. 40, so as to reduce the quantity therein specified to one barrel; an ordinance which we will designate as No. 433, approved March 3, 1925, creating a restricted residential district in said city, from which filling stations and certain other kinds of business believed to be objectionable are excluded. Each of the foregoing ordinances makes the violation thereof a misdemeanor, and provides punishment for such violation. On November 10, 1924, appellee filed a written application in the office of the city clerk for a permit to install two 1,000-gallon gasoline tanks, and to store gasoline therein, on Lot 8, Block 8, Ringwood Addition to the city of Clinton, and to cut the curb for a driveway thereto, and to remove a tree obstructing the same. This application was promptly referred to an appropriate committee; but, before further action was taken thereon by the council, numerous protests were filed against granting the permit, and also against the erection and maintenance of a filling station on the above described property. The protests came from 150 near-by residents, the board of education, and the Clinton Women's Club.

The grounds of the objections filed by the respective parties varied somewhat, according to their respective interests or the interest and welfare of the public. A motion to withdraw the application was carried at a council meeting on November 25, 1924. A resolution which recited the fact that protests were on file against the granting of the permit sought was adopted by the council on December 8th, and directed the city attorney to immediately notify appellee that the council would refuse to grant him a permit to install gasoline tanks or to cut the curb as requested. The direction to the city attorney was complied with by him on the following day. A second application for a permit for the same purpose was presented to the council January 13, 1925. A resolution adopted by the council on that date provided that final consideration of all applications for permits of the

character in question be deferred until restricted districts were determined and established. No further action appears to have been taken by the council on appellee's applications.

Appellee commenced the erection of a filling station at the place described about the 3d or 4th of December, 1924, and completed the same and commenced business in July, 1925.

The petition in this action was filed June 15, 1925, and alleged the erection of a filling station on the lot; that the maintenance and operation thereof will be detrimental to the comfort and general welfare of the residents of the district; and that a permission to store gasoline on such lot had not been granted. It prayed an injunction permanently enjoining the storage thereof in violation of the ordinances of said city. The petition also alleged that the filling station is located within the restricted residential district established by Ordinance No. 433. The answer admits certain allegations of the petition, denies all the remaining allegations thereof, and alleges that the city wrongfully refused to grant him the permit applied for; that Ordinance No. 437 is invalid; that the filling station is constructed of fireproof material, and was substantially completed before this action was begun; that the members of the city council have wrongfully and illegally conspired together, to prevent him from operating the filling station. It also asserts his willingness to comply with the ordinance, and asks for the permit required thereby. The evidence shows that the filling station was erected at a cost in excess of $8,000.

On October 15, 1925, H. R. Sugg, health officer of the city of Clinton, filed a petition in intervention, alleging the violation of Section 6400 of the Code of 1924, and joining in the prayer of the petition of the city for injunctive relief. It appears from the record that approximately 250 gallons of gasoline were stored in the tanks at the filling station, after the enactment of Ordinance No. 437. The validity of the amendment to Ordinance No. 40 is challenged, upon the ground that appellee had acquired something in the nature of a vested right to store the quantity permitted at the time the amendment was adopted. Appellee did not, by virtue of the erection of the filling station, or for any other reason, acquire a vested right to store five barrels of gasoline without a permit. When appellee was notified by the city attorney on December 9, 1924, that no permit to store

gasoline on the premises described would be granted, he knew that any attempt to store a greater quantity than the ordinance permitted would constitute a violation thereof. While a contract for the erection of a filling station was entered into by appellee prior to December 1, 1924, the actual expense of material and labor incurred up to December 9th could not have been great. The right of the city council to amend the ordinance, under these circumstances, would seem to be indisputable. We are of the opinion that the ordinance is valid, and that the evidence disclosed violations thereof. How persistently, or to what extent and for what period of time, the violation continued, is not clearly shown. The right of the city to maintain this action in equity for an injunction is not questioned by appellee. It seems to us, therefore, that appellant is entitled to a decree enjoining the storage of a quantity of gasoline in the tanks of the filling station in excess of one barrel.

It is argued by appellee that the city council could not arbitrarily refuse to grant him a permit, and that a mandamus will lie to compel the issuance thereof. No such action is before us, and we shall not consider this question.

II. Little consideration is given by counsel in their respective briefs and arguments to the effect, if any, upon the present controversy, of Ordinance No. 433 in creating a restricted residential district. The situation is somewhat novel. There were no restrictions in the ordinances of the city of Clinton against the erection of a filling station on the lot described, at the time the building was commenced, nor until the enactment of Ordinance No. 433. The erection of a building without a permit to store gasoline, with knowledge that a permit would not be granted, does not in itself estop the city from maintaining this action nor from refusing a permit. Appellee acted throughout with knowledge of the facts, actual or implied. Whether a defense might now be maintained by the city, based upon the restrictions of Ordinance No. 433, to an action hereafter commenced by appellee to compel the city council to grant him a permit to store gasoline in quantities sufficient for the operation of a filling station, we shall not now undertake to decide. Nor shall we attempt to decide the effect, if any, of the ordinance upon this controversy. The briefs and argument of counsel furnish little assistance to the court in the determination of this

important question. None of the authorities cited are in any respect decisive or controlling; but *City of Des Moines v. Manhattan Oil Co.*, 193 Iowa 1096, and *Invader Oil & Refining Co. v. City of Fort Worth* (Tex. Civ. App.), 229 S. W. 616, bear thereon. We deem it best to leave the matter open for subsequent consideration when the question may be more fully presented in argument by counsel.

III. Section 6400 of the Code of 1924 prohibits the storage, keeping, or handling of any combustible article in any dwelling house or upon the lot upon which the same is situated, except

2. MUNICIPAL
CORPORATIONS:
nuisance: storage of gasoline:
injunction.

upon conditions prescribed by the fire commissioner or the proper official, under authority of a written permit issued by him. The intervener alleged in his petition that there is a dwelling house on the lot on which the filling station is located. The allegation of the petition is admitted by the defendant's answer. It is also conceded that appellee has not secured a permit, as required by the statute. The provisions of Chapter 323 of the Code of 1924, of which Section 6400 is a part, shall be enforced in each city by the health officer, except that the department of buildings, where such department exists in a city, shall enforce the same.

Section 6446 of the Code provides for the giving of a notice, to be served in the manner of serving original notices. Section 6445 provides that every notice required by Chapter 323 shall be served at least ten days before the time for doing the thing in relation to which it shall have been issued, unless otherwise therein provided. The section then provides for the posting of notices. No notice was given in this case, but, so far as the record shows, the failure to give same was in no wise raised upon the trial of the case. There was an appearance to the cross-petition, and issues were joined thereon. A notice is required for the benefit of the defendant, and, of course, he has the power to waive it. This, we think, was done in this case. The right of the health officer to intervene in this action is in no manner questioned. A clear violation of Section 6400 is shown, and we know of no reason why an injunction should not issue. Injunction is one of the remedies provided by the statute in cases of this character.

It is our conclusion, therefore, that appellee should be en-

joined from storing a larger quantity than one barrel of gasoline upon the lot described, and that the prayer of the cross-petition for the injunction should be granted. The cause will, therefore, be reversed and remanded to the court below for decree in harmony with this opinion.—*Reversed and remanded.*

All the justices concur.