J. D. CECIL, Appellant, v. D. B. TOENJES et al., Appellees.

No. 40008.

JANUARY 21, 1930.

REHEARING DENIED MAY 16, 1930.

*R. P. Birdsall,* for appellant.

*Carleton Sias,* for appellees.

*Ralph H. Munro, Amicus Curiae.*

KINDIG, J.—The plaintiff-appellant is a lessee of certain real estate in Waterloo, and has an option to purchase the same. Desiring to erect thereon "an automobile filling station," the appellant made application to the defendant-appellee D. B. Toenjes, then the Waterloo building inspector, for a license granting the former the right of storing inflammable liquids underground, in connection with the conduct of such business. Whereupon, the building inspector denied the application, because the city, through its council, would not approve it.

At the time in controversy, there was in full force and effect in Waterloo an ordinance regulating the storage of inflammable liquids. With this ordinance appellant claims he complied, and therefore he says the permit should be granted. His alleged "compliance," however, had to do with preliminary require-

ments relating to the consent of adjacent property owners. All preliminary demands under said ordinance are subject to the following fundamental provision therein:

"Provided * * * that the issuing of or refusal of a permit to install or locate such tanks [gasoline tanks] shall be within the sound discretion of the city council."

It is against this final declaration in the ordinance that appellant directs his attack. He says the ordinance is void.

Generally speaking, he predicates invalidity upon three grounds: First, that the ordinance in effect is confiscatory of his property, lacks uniformity in operation, and hence is unconstitutional; and second, that the ordinance is unreasonable, and so indefinite and uncertain as to permit arbitrariness and oppression in its operation; and, assuming, without conceding, the validity of the ordinance, appellant declares that the action of the building inspector and the city council was in fact arbitrary, oppressive, and captious.

Meeting those contentions, appellees maintain that the ordinance is constitutional, and the due exercise of police power. Moreover, they urge, the action of the officials under the ordinance was right, just, and fully sustained by the record.

I. Waterloo is a municipal corporation, and, as such, it possesses those powers which, first, were expressly conferred upon it by statute, and second, necessarily arise as an implication incidental to the express legislative grant. *Brooks v. Incorporated Town of Brooklyn,* 146 Iowa 136; *Bear v. City of Cedar Rapids,* 147 Iowa 341; *Town of Akron v. McElligott,* 166 Iowa 297.

II. Thus, having located the source of the municipal power, a consideration of the statute is important. Section 5714 of the 1927 Code provides:

"Municipal corporations shall have power to make and publish, from time to time, ordinances, not inconsistent with the laws of the state, for carrying into effect or discharging the powers and duties conferred by this title, and such as shall seem necessary and proper to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort, and convenience of such corporations and the inhabitants thereof, and to enforce obedience to such ordinances by fine not

exceeding one hundred dollars, or by imprisonment not exceeding thirty days.''

Contained within that legislation are elements generally known as police power. Such power had its source in the state, and by the foregoing statute was delegated to the municipality. *City of Des Moines v. Manhattan Oil Co.*, 193 Iowa 1096; 43 Corpus Juris 203, Section 200; 19 Ruling Case Law 800, Section 108. See *Harris v. City of Des Moines*, 202 Iowa 53.

Armed with that power, the municipality may, under proper circumstances, regulate automobile filling stations and the explosive liquids kept for use in connection therewith. *City of Clinton v. Donnelly*, 203 Iowa 576; *State ex rel. Lane v. Fleming*, 129 Wash. 646 (225 Pac. 647); *Standard Oil Co. v. City of Minneapolis*, 163 Minn. 418 (204 N. W. 165); *Crescent Oil Co. v. City of Minneapolis*, 175 Minn. 276 (221 N. W. 6); *City of Muskogee v. Morton*, 128 Okla. 17 (261 Pac. 183); *Harz v. Paxton*, 97 Fla. 154 (120 So. 3); *Whittemore v. Baxter Laundry Co.*, 181 Mich. 564 (148 N. W. 437); *Storer v. Downey*, 215 Mass. 273 (102 N. E. 321); *Hyma v. Seeger*, 233 Mich. 659 (207 N. W. 834); *Hall v. Mayor and Aldermen of Jersey City* (N. J.), 142 Atl. 344; *Martin v. City of Danville*, 148 Va. 247 (138 S. E. 629). See, also, *City of Wichita Falls v. Continental Oil Co.*, (Tex. Civ. App.), 5 S. W. (2d Ser.) 561.

Not only is the city of Waterloo empowered to regulate that industry through the general grant contained in Section 5714, supra, but, in addition thereto, Section 5764 of the same Code specifically declares:

''They [cities and towns] shall have power to regulate the transportation and keeping of * * * inflammable oils, or other combustibles, and to provide or license magazines for storing the same, and prohibit their location or maintenance within a given distance of the corporate limits of such cities or towns.''

Beyond doubt, therefore, the appellee city, unless prevented by constitutional restrictions, was enabled to regulate and control appellant's property so far as to prohibit, under special circumstances and conditions, the storing of inflammable oils and operating a filling station thereon.

III. But appellant contends that such act on the part of the municipality amounts to a confiscation of his property, and hence violates alleged constitutional provisions. Elaborating, for the purpose of elucidation, appellant asserts that interference with the free and full use of the premises is equivalent to taking his property without just compensation. Speaking broadly upon this subject, we said, in *Rehmann v. City of Des Moines,* 200 Iowa 286:

"It is, of course, fundamental in the law of real property situated within the limits of cities and towns, that the owner thereof may erect any structure or building thereon, or use the same for any lawful purpose that he may see fit, subject only to such restrictions and regulations as the municipality may, in the exercise of the police power, by proper enactment reasonably impose. * * * The police power, which has never been quite adequately defined, and which, as suggested by the late Justice Weaver in *City of Des Moines v. Manhattan Oil Co.,* 193 Iowa 1096, is perhaps happily undefinable, is, in matters of the character before us, bounded only by constitutional limitations. Theoretically at least, there can be no conflict between the exercise of purely police power and constitutional inhibitions, as the legitimate scope of the one ends where the other begins. So long, therefore, as municipal bodies confine their enactments providing for the regulation and control of the kind or nature of buildings that may be erected upon property privately owned, and the use to which the same shall be put, within the proper limits of such power, they do not violate the property rights of the individual. The limit imposed is that the requirements, whatever they may be, must be reasonable, and for the protection of property, the public morals, or the welfare of the inhabitants of such municipality."

During the discussion of this matter in *City of Des Moines v. Manhattan Oil Co.* (193 Iowa 1096), supra, on page 1104, this court declared:

"The power to designate the subject of police regulation rests in the state alone; and if a given statute is not clearly repugnant to some constitutional guaranty, the courts are with-

out power to interfere. Such interference, if tolerated at all, must be on the theory that the subject of the regulation is not within the legislative jurisdiction, or, if the subject be one within such jurisdiction, it must appear to the court that, looking through mere forms, and at the substance of the matter, it can say that the statute, enacted professedly in the interest of the public or general welfare, 'has no substantial relation to that object, but is a clear, unmistakable infringement of rights secured by the fundamental law.' * * * The legislature, acting within these limits, is the sole judge as to all matters pertaining to the public policy, wisdom, and expediency of the police regulations which it prescribes * * *; and while the police power is familiarly exercised in regulations to promote the public health and morals, it extends as well to the promotion of 'public convenience and general prosperity.' ''

In conclusion, we stated in the *Manhattan Oil Co.* case, supra (on page 1116) :

"With the wealth of precedent cited by the appellee as upholding the sacredness of constitutional guaranties of life, liberty, property, due process of law, and equal protection of the laws, we have no quarrel; but when the statute in question [one prohibiting oil stations in certain residential districts] is construed, as we do, as one of police regulation, it is entirely consistent with those guaranties. The statute being constitutional, the ordinance adopted pursuant thereto cannot be held invalid.''

An ordinance prohibiting the operation of oil stations in certain locations within the municipality is reasonable. Furthermore, such an ordinance is within the police power, and has been sustained by the numerous authorities previously cited. A recent case upon this subject is *Marquis v. City of Waterloo,* 210 Iowa 439.

Being within the police power, then, such regulatory ordinance is constitutional, and appellant's objections in that regard are without merit.

IV. Assuming, without conceding, the constitutionality thereof, the appellant claims the ordinance in question is invalid because unreasonable, uncertain, and arbitrary. Basis for this

 assertion is found in the fact that the ordinance does not outline a plan or fix the general requirements under which an applicant for a permit may meet the demands and thus obtain authority to build an oil station. This point was determined against appellant's contention in our recent case of *Marquis v. City of Waterloo,* supra. Therein may be found the following language upon this phase of the controversy:

"Other courts have held that a failure to prescribe rules and regulations to govern the city council in granting or refusing permits does not invalidate the ordinance."

Farther on in the same opinion we approve this language contained in *In re Application of Larkin Co. v. Schwab,* 242 N. Y. 330 (151 N. E. 637):

"The council, acting in its legislative capacity, enacted that the dispensing power should be vested in the same body that enacted the statute. * * * It makes a general rule, but maintains the right to create exceptions. It does not deny to any person the equal protection of the laws nor deprive him of liberty or property without due process of law. * * * It assumes that the council will exercise its discretion honestly, without unreasonable discrimination against particular persons or classes, and solely as the result of decision that special circumstances dictate exception to general rule."

After thus approving said declarations of the New York court, in conclusion we said in the *Marquis* case, supra:

"Our pronouncement in the *Manhattan Oil Co.* case and the foregoing authorities [the New York case and others to the same effect] are controlling, and decisive of this proposition."

Because of the extensive discussion in the *Marquis* case, we do not deem it necessary to pursue the subject any further at this time. Hence, the ordinance is not unreasonable or arbitrary in the manner named.

V. Continuing his attack on the action of the city council, the appellant insists that, even if the ordinance is valid, the act of the officials thereunder was arbitrary, captious, and unreason-

able. Mandamus, therefore, the appellant urges, will require said officials to issue the desired permit.

It is important here to note that the council did act in the matter. They did not refuse to perform an official duty. Section 12440 of the 1927 Code declares, upon this subject:

"The action of mandamus is one brought to obtain an order commanding an inferior tribunal, board, corporation, or person to do or not to do an act, the performance or omission of which the law enjoins as a duty resulting from an office, trust, or station."

While Section 12441 of the same Code continues:

"Where discretion is left to the inferior tribunal or person, the mandamus can only compel it to act, but cannot control such discretion."

When acting upon this occasion, the council of Waterloo did have a legal discretion. Therefore, mandamus will not  lie. Conceding, without determining, that the city council could act so arbitrarily in the premises that appellant's remedy would be by mandamus (see *Harwood v. Quinby*, 44 Iowa 385), yet this record does not present such a situation.

There is involved a peculiar street intersection. The traffic from five directions converges in front of appellant's property. Travel comes into this intersection on Fremont Street, from the  north, on Maple Street, from the east, on Walnut, from the northeast and southwest, and on Fifth Street, from the southeast. Across from appellant's property is the largest church auditorium in Waterloo. Running up Fifth Street, turning to the right on Walnut Street in front of said property, is a boulevard. That is the route followed by fire trucks on their trips to the east side of the city. Opposite the Methodist Church across Fremont Street is a school. Objection to the oil station was made by Grace Church and the city fire department. Many pedestrians walk to and fro on the sidewalk which vehicles would necessarily cross, going to and from appellant's property, were an oil station located thereon. On

Sundays and at other times when services are held, many cars park near Grace Church. Traffic on that intersection is especially heavy. Wherefore, the intersection is congested. Also, it is indicated by the evidence that danger exists because of the inflammable and combustible nature of the contemplated liquids. So, then, as shown by the record, to store said liquids in large quantities at that place would create an unusual hazard. Other oil stations in different parts of the city are not located under the situations and conditions which are here presented.

Resultantly, the denial of the permit does not amount to an arbitrary or unreasonable action upon the part of the city officials. Their discretion, under the circumstances, cannot be interfered with by mandamus.

The judgment of the district court should be, and hereby is, affirmed.—*Affirmed.*

MORLING, C. J., and EVANS, FAVILLE, ALBERT, and GRIMM, JJ., concur.