WADHAMS OIL COMPANY, Appellant, vs. CITY OF DELAVAN, Respondent.

*June 1—June 20, 1932.*

For the appellant there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *I. A. Fish* of counsel, all of Milwaukee, and oral argument by *Mr. Fish.*

For the respondent there was a brief by *Ray Bowers,* city attorney, and *Simmons, Walker, Wratten & Sporer* of Racine of counsel, and oral argument by *John B. Simmons.*

ROSENBERRY, C. J.   It will not be necessary for us to consider in this case as courts have been obliged to consider in many related cases, whether or not the common council had power to enact the ordinance in question.   Since the revision in 1921 the power of a city with respect to its internal affairs is as broad as it is possible for the legisla-

ture to grant except in those cases where the legislature has placed restrictions thereon, and we find no such restriction placed upon the power of the common council to enact an ordinance of the kind in question. *Hack v. Mineral Point,* 203 Wis. 215, 233 N. W. 82.

It is conceded that the common council, upon the enactment of the ordinance in question, did not attempt to proceed under those provisions of the charter of the city which confer power upon the common council to create zones. We therefore do not consider whether or not it was a valid exercise of such power. The defendant contends that the ordinance was enacted in the exercise of its general police powers and in the interest of public safety, especially as related to traffic conditions within the designated area.

It is to be noted that the ordinance in question does not apply to the entire city. If it did, every contention made on behalf of the plaintiff would have been answered by the case of *Lerner v. Delavan,* 203 Wis. 32, 233 N. W. 608. It is apparent from the evidence and the findings made by the trial court that the common council of the city of Delavan, a city of the fourth class, was endeavoring to deal principally with a traffic problem. It is apparent, therefore, that by the enactment of the ordinance in question the common council of the city of Delavan was of the opinion that within the city limits and outside of the limits prescribed in the ordinance, no traffic problem would be created by the establishment of a filling station or other business of the kinds described in the ordinance. Therefore any one desiring to establish such a business within the city and not within the limits prescribed by the ordinance was at liberty to proceed without a permit. Under the circumstances, so far as its constitutionality is concerned, the matter stands as it would if the ordinance applied to the entire city.

The ordinance in question is assailed principally upon the ground that it establishes no standards and therefore leaves

it open to the arbitrary discretion of the common council to grant or refuse a permit upon any grounds which occur to it whether the same have any relation to traffic conditions or not. This argument is fully answered in the *Lerner Case, supra*. The ordinance in question is not well drafted. It would not be difficult to improve upon it from the standpoint of a lawyer. However, as was stated in *Lerner v. Delavan, supra,* it must be held there was no intention to vest in the common council of the city of Delavan an arbitrary power, but the ordinance imposes upon the council the duty to consider and exercise a sound discretion with reference to those matters which have made the businesses of the kind described in the ordinance a proper subject for special legislation.

From the evidence it appears with reasonable certainty that the common council denied plaintiff's application because in its opinion the establishment of a filling station at the point in question would create an additional traffic hazard, which in view of the large amount of travel upon the street was not warranted. The situation in this respect may be briefly described as follows: The city of Delavan has a population of about 3,300. Running east and west through the center of the city is Walworth avenue, the principal thoroughfare of the city. The lot owned by the plaintiff is situated in the easterly part of the town. Walworth avenue receives traffic from the north and northeast over Racine street, from the south and southeast over Seventh street. These two streams of traffic join immediately in front of the plaintiff's premises. Diagonally across Walworth avenue from plaintiff's premises is a large church. For three blocks westerly from plaintiff's property the street is improved in the center by boulevarding, which to some extent narrows the street. It furthermore appears that minor accidents are of frequent occurrence under present conditions at the confluence of traffic as already indicated.

The evidence satisfies us as it did the trial court that the action of the common council was not an arbitrary one nor was its power exerted for any ulterior purpose. We are not called upon to consider constitutional limitations upon the power of the common council for the reason its act is well within the field of its legislative power.

No useful purpose would be served by reviewing the cases, especially in view of the recent consideration of the whole question by the court in the *Lerner Case, supra.* In addition to the cases there cited, attention is called to the following cases: *Larkin Co. Inc. v. Schwab,* 242 N. Y. 330, 151 N. E. 637; *Fischer v. St. Louis,* 194 U. S. 361, 24 Sup. Ct. 673; *Cecil v. Toenjes,* 210 Iowa, 407, 228 N. W. 874, 877; *Standard Oil Co. v. Minneapolis,* 163 Minn. 418, 204 N. W. 165; *State ex rel. Lane v. Fleming,* 129 Wash. 646, 225 Pac. 647, 34 A. L. R. 500; *People v. Harley,* 230 Mich. 676, 203 N. W. 531.

On behalf of the defendant it is urged that the plaintiff is not the real party in interest and therefore not entitled to maintain this action. It appears that the plaintiff has title to the premises in question. The plaintiff entered into an arrangement with the person from whom the property was purchased to the effect that if the property could not be used for the purposes of a filling station the plaintiff would reconvey the title and receive back the purchase money. This is quite evidently a good-faith attempt to ascertain whether or not the plaintiff may lawfully maintain a filling station on the property in question. It is considered that the plaintiff has therefore a sufficient interest to entitle it to maintain this action. The plaintiff wishes to retain the property and use it. It was for that purpose it purchased it, and it ought not to be penalized for its good-faith effort to put the property to the designated use.

*By the Court.*—Judgment affirmed.