[Crim. No. 378.   First Appellate District.—May 16, 1912.]

In re Application of LUIGI DONDERO for Writ of Habeas Corpus.

MUNICIPAL ORDINANCE REGULATING STABLES—UNREASONABLE DISCRIMINATION BETWEEN EXISTING AND FUTURE STABLES — INVALIDITY—HABEAS CORPUS.—A municipal ordinance regulating stables, which prohibits the construction and maintenance of stables thereafter for horses, mules, cows or other animals, without first obtaining a permit from the board of supervisors and board of health, with certain specifications, while as to structures used as stables at the time of the passage of the ordinance no such permit is required, is discriminating in its operation between persons similarly situated, and is unreasonable and invalid. One convicted thereunder is entitled to be discharged upon writ of *habeas corpus*.

APPLICATION for writ of *habeas corpus* to the chief of police of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Louis Ferrari, for Petitioner.

Leo C. Lennon, for Respondent.

HALL, J.—Upon application of petitioner a writ of *habeas corpus* was issued out of this court, to which a return has been made by the chief of police of the city and county of San Francisco. From the record thus made up it appears that the petitioner has been charged, convicted and sentenced for violating section 197 of ordinance No. 1008 (new series) of the board of supervisors of the city and county of San Francisco. It is not disputed but that the complaint is sufficient to charge an offense, if the section of the ordinance is valid. The only question to be determined by this court is as to the validity of the provision of the ordinance for the violation of which petitioner was convicted. The section is as follows:

"Section 197. It shall be unlawful for any person, firm or corporation hereafter to construct any building or premises to be used as a stable for horses, mules, cows or other animals without first obtaining a permit from the board of supervisors and the board of health, specifying the name of the permittee and the location of building to be used as a stable, and the number of animals intended to be kept therein.

"It shall be unlawful for any person, firm or corporation to maintain as a stable for horses or mules any existing structure not used at the date of the passage of this ordinance for stable purposes, without first obtaining a permit from the board of supervisors and board of health, specifying the name of the permittee, the location of the building or premises to be used as such, and the number of animals to be kept therein."

Petitioner was charged with having constructed and maintained, at a time subsequent to the enactment of the ordinance, a stable for horses without first obtaining a permit from the board of supervisors and the board of health.

It is claimed by petitioner that the ordinance is invalid, first, because it makes the right to construct and maintain a stable dependent upon the permission of the boards of supervisors and health, which permits may be granted or withheld at the discretion of said boards, to be exercised upon each case; and second, because it discriminates between stables in

operation at the date of the passage of the ordinance and such as may be established and maintained thereafter.

As to the validity of ordinances which vest in certain municipal officers the power at their discretion to grant permits to carry on such business or operations as are proper subjects of municipal regulation, the authorities are not uniform, as may be seen by an examination of the cases collected in the note to *Elkhart* v. *Murray,* reported in 1 L. R. A., N. S., 940.

It is said in *Fischer* v. *St. Louis,* 194 U. S. 361, [40 L. Ed. 1018, 24 Sup. Ct. Rep. 673], that the authority to delegate such discretion to a board for that purpose is sustained by the great weight of authority. We do not find it necessary to decide this point, for, under the rule laid down in *Ex parte Bohen,* 115 Cal. 372, [36 L. R. A. 618, 47 Pac. 55], and followed and approved in *Los Angeles* v. *Hollywood Cemetery Assn.,* 124 Cal. 344, [71 Am. St. Rep. 75, 57 Pac. 153], the ordinance is invalid for the reason stated as the second ground of attack.

It is plain that the purpose of the ordinance is to regulate the maintenance of stables. The mere erection of a building for stable purposes could not injuriously affect the community. It is the maintenance and operation of a stable that might injuriously affect the public health or otherwise create a nuisance. Yet under this ordinance, if a structure was being used as a stable at the enactment of the ordinance, no permit to maintain such stable in such structure is required, either of the board of supervisors or the board of health, while such permit is required to maintain a stable in any structure not so used at the time of the enactment of the ordinance.

These provisions bring this case clearly within the rule laid down in *Ex parte Bohen,* 115 Cal. 372, [36 L. R. A. 618, 47 Pac. 55], where it was held that an ordinance, which assumed to prohibit the sale of cemetery lots for burial purposes and the burial of bodies therein, while permitting burials in lots already purchased for burial purposes, was discriminating in its operation between individuals similarly situated, and was for that reason unreasonable and invalid.

The Bohen case is approved and followed in *Los Angeles* v. *Hollywood Cemetery Assn.,* 124 Cal. 344, [71 Am. St. Rep. 75, 57 Pac. 153].

We cannot differentiate the case at bar from these cases and are bound to follow them.

The case of *Fischer* v. *St. Louis,* 194 U. S. 363, [48 L. Ed. 1018, 24 Sup. Ct. Rep. 673], relied upon by respondent, does not touch upon the point decided by the two California cases above cited.

It is ordered that the petitioner be discharged, and the bail given by him to answer to the order of this court is exonerated.

Lennon, P. J., and Kerrigan, J., concurred.