[Crim. No. 576.  First Appellate District.—March 20, 1915.]

## Ex Parte KORDOULIS on Habeas Corpus.

MUNICIPAL CORPORATIONS—PERMIT FOR PLANING AND OTHER MILLS—INVALID ORDINANCE.—An ordinance of the city and county of San Francisco providing, "No person, firm or corporation shall construct or cause to be constructed, maintain or cause to be maintained, occupy or cause to be occupied, any structure or building hereafter used, or intended to be used as a planing-mill, sawmill, sash or door factory, furniture or cabinet factory, or for any other wood-working purpose, if planers, stickers or jointers are used, and run by power, without first obtaining a permit so to do from the board of supervisors," is invalid because of discrimination in its operation between individuals similarly situated, in that it permits those already in possession or ownership of buildings or premises being used for the purposes described in the ordinance, to continue to put these structures to such use without a permit, while requiring all persons thereafter wishing to construct any building or premises to be so used to first obtain a permit from the board of supervisors so to do.

APPLICATION for a Writ of Habeas Corpus originally made in the District Court of Appeal for the First Appellate District.

The facts are stated in the opinion of the court.

Timothy Healy, and Robert M. Reid, for Petitioner.

M. T. Dooling, Jr., Assistant City Attorney, for Respondent.

THE COURT.—This is an application of the petitioner for release on *habeas corpus*. The proceedings show that the petitioner was arrested and charged with the violation of the provisions of section 194 of ordinance 2741 (new series), of the ordinances of the board of supervisors of the city and county of San Francisco, which reads in part as follows:

"No person, firm or corporation shall construct or cause to be constructed, maintain or cause to be maintained, occupy or cause to be occupied, any structure or building hereafter used, or intended to be used as a planing-mill, sawmill, sash or door factory, furniture or cabinet factory, or for any other wood-working purpose, if planers, stickers or jointers are used,

and run by power, without first obtaining a permit so to do from the board of supervisors.''

The sole question before the court is the legality of the foregoing section of the ordinance.

Practically the same question was before this court in *Ex parte Dondero,* 19 Cal. App. 66, [124 Pac. 884], wherein a similar section of the same general ordinance was held by this court to be invalid because of discrimination in its operation between individuals similarly situated, in that it permitted those already in possession or ownership of buildings or premises being used for stables, to continue to put these structures to such use without a permit, while requiring all persons thereafter wishing to construct any building or premises to be used as a stable to first obtain a permit from the board of supervisors so to do. The reasoning and conclusion of this court in the Dondero case apply to the case at bar, and impel us to hold the section of the ordinance in question here to be invalid.

Our attention has been called to the case of *In re Stoltenberg,* 165 Cal. 789, [134 Pac. 971], which it is claimed by the respondent announced a different rule than that declared in *Ex parte Dondero,* 19 Cal. App. 66, [124 Pac. 884], and in *Los Angeles* v. *Hollywood Cem. Assoc.,* 124 Cal. 344, [71 Am. St. Rep. 75, 57 Pac. 153], and *Ex parte Bohen,* 115 Cal. 372, [36 L. R. A. 618, 47 Pac. 55], upon the authority of which two latter cases the Dondero case was decided. After a careful reading of the Stoltenberg case we are of the opinion not only that its reasoning does not apply to an ordinance of the character of that under review in this case, but also that the Stoltenberg case recognizes and refers to the distinction between the state tenement law upheld in that case and the section of the ordinance of the city and county of San Francisco declared invalid in the Dondero case, and hence that the reasoning and conclusions of the Stoltenberg case have no application to the case at bar.

As to the other question presented by the petitioner, the court deems it unnecessary to express an opinion.

It is ordered that the petitioner be discharged and his bail exonerated.