By the Court.
 

 The Court of Appeals in this case, while finding that the construction, maintenance, and operation of a filling station was not a nuisance
 
 per se,
 
 found that it was a nuisance in this particular case by reason of its location in this exclusively residential district.
 

 Since all nuisances, except nuisances
 
 per se,
 
 are such by reason of their proximity to other property, this court is confronted with the proposition of determining whether the invasion of an exclusively residential district by this class of business, not unlawful, either by statutory law, common law, or ordinance, constitutes
 
 &
 
 nuisance, for, notwithstanding the apprehensions of the defendants in error as to the effect the installation and operation of this filling station will have upon the value and their enjoyment of their respective properties, it must
 
 *248
 
 be conceded that by reason of the size of the site of plaintiffs in error, and its location with reference to the three streets, and with reference to the properties of the defendants in error, and by reason of the proposed location of the driveways, one substantially parallel to and adjacent to Washington avenue and the other substantially parallel to and adjacent to Golumbus avenue, the damage and inconvenience to defendants in error resulting from the erection of this filling station will in no sense be greater than the damage and inconvenience resulting to the owners and occupiers of residential properties in the vicinity of any filling station in any residential district.
 

 We are of opinion it must also be conceded that the hazard of explosion and fire from a filling station erected according to modern science and engineering .as applied to such structure is not of such magnitude as to make its installation a nuisance for that reason alone.
 

 Having reached the conclusion that, properly installed and properly operated, the filling station is not such a fire or explosion hazard as to constitute a nuisance for that reason alone, we are unable to distinguish it from any other class of business not offensive in itself that attracts substantial patronage, since in this day and age so large a per cent, .of the patrons of every merchant utilize the automobile as a means of conveyance to. and from the merchant’s place of business.
 

 The pronouncement of the Gourt of Appeals, if affirmed, would have a far-reaching influence, and wiould affect business institutions of every kind and character sought to be located in the residence
 
 *249
 
 portions of municipalities. The decision of this court in this case necessarily becomes a rule of law applicable to any other business enterprise, differing only in degree, and not in kind.
 

 While courts have never laid down a hard and fast rule whereby a business may be exactly measured for the purpose of determining whether it is a nuisance by reason of its proximity to other property, they will not exercise an arbitrary discretion in that respect, but will apply the same principle to similar situations.
 

 The affirmance of this judgment would necessarily unsettle the rights of many thousands of persons now engaged in business in districts otherwise exclusively residential, for, if it be a nuisance to. establish a business in such district, each day’s operation therein is a new and distinct act constituting a nuisance, and the maintenance of a nuisance is just as much a subject of judicial inquiry as the inauguration of such nuisance.
 

 (Being of opinion that the inconvenience and damage, if any, that will be suffered by the defendants in error by the erection of a filling station on the property of plaintiffs in error are only such as are incident to the proper and lawful use of one’s own property, we are of opinion that the Court of Appeals erred in its application of the law to the facts of this case, and its judgment is therefore reversed.
 

 Judgment reversed-
 

 Marshall, 0. J., Jones, Matthias, Day, Kinkadb and Robinson, JJ., concur.
 

 Allen, J., not participating.