IN RE MILO WATER COMPANY.

Kennebec.        Opinion February 24, 1930.

*McLean, Fogg & Southard*, for Milo Water Company.
*Laughlin & Gurney*, for Town of Milo.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ.

PATTANGALL, C. J.   On exceptions. Certified to the Chief Justice from Public Utilities Commission under the provisions of Section 55, Chapter 55, R. S. 1916.

The Milo Water Company is a corporation organized under Chapter 173 of the Private and Special Laws of 1905. Its purposes as set forth in Section 2 of said Chapter are as follows:

> "The purposes of said corporation shall be to supply water for public and private use and for any and all purposes in the town of Milo, in Piscataquis county *and to construct, maintain and operate a system of sewers and drainage in and for said town.*"

Under the authority conferred by the foregoing act the Milo Water Company constructed, owns and operates a plant supplying water for public and private use in the Town of Milo. It also constructed, and maintains and operates, a sewer system in said Town, the receipts and expenditures of which are accounted for in its annual return to the Public Utilities Commission under the heading "Revenues and Expenses of Other Operations."

The foregoing Act was amended by Chapter 84 of the Private and Special Laws of 1929, adding thereto the following provision:

"Such sewer system is hereby declared to be a public utility and as such subject to all the provisions of Chapter 55, Revised Statutes of 1916 and acts amendatory thereof and additional thereto."

Acting under this provision, the Public Utilities Commission on September 21, 1929, ordered said Milo Water Company

"to file with the Public Utilities Commission on or before October 8, 1929, schedules showing all rates, tolls and charges which it has established in connection with said sewage system in accordance with the provisions of said Section 25 of Chapter 55 of the Revised Statutes, or to appear before the Public Utilities Commission at its offices, State House, Augusta, on the 8th day of October, 1929, at 10:00 o'clock in the forenoon, then and there to show cause, if any it has, why it should not comply with the provisions of said Section 25 and file with the. Commission schedules as required thereby."

Schedules were not filed by the Milo Water Company and a hearing on the show cause order was held as provided therein.

Sewage companies as a class are not under the jurisdiction of the Public Utilities Commission and the Milo Water Company's sewage system is the only system which the legislature has declared to be a public utility.

At the hearing, the Milo Water Company contended that it should not be required to file schedules for its rates, tolls and charges in connection with its sewage system because it is not a public utility so far as its sewer system is concerned and because the above quoted legislative act, declaring the sewer system of the Company to be a public utility and subject to the provisions of the public utilities law, is unconstitutional and does not give to the Water Company the equal protection of the laws guaranteed by the constitution, but on the contrary singles out that company for discriminatory legislation, imposing upon it a burden that sewer companies as a class are not obliged to assume; that being uncon-

stitutional, and therefore void, the Act imposes no obligation upon the Water Company to comply with its terms.

After hearing on the show cause order and as part of order and decree made in connection therewith dated November 19, 1929, the Commission made the following finding:

"We are convinced that regardless of our views upon the constitutional question involved, we must find that the Sewer System of the Milo Water Company is a public utility, made such by virtue of Chapter 84 of the Private and Special Laws of 1929, which act we shall presume to be constitutional in accordance with the tenor of this decision; that such sewer system is subject to all the provisions of Chapter 55 of the Revised Statutes of 1916 and acts amendatory thereof and additional thereto; that said Milo Water Company should file with this Commission schedules of all its rates, tolls and charges in connection with said sewer system in accordance with the order of this Commission dated September 21, 1929, and should be required to file such schedules within ten days from the date hereof."

And pursuant to this finding, the Commission made the following order and decree:

"ORDERED, ADJUDGED AND DECREED that the Milo Water Company file schedules showing all rates, tolls and charges which it has established in connection with its sewer system, which it maintains and operates in said town of Milo, within ten days from the date hereof, and that said schedules be filed in accordance with the provisions of Section 25 of Chapter 55.of the Revised Statutes of Maine."

To which order and decree exceptions were seasonably taken.

The Water Company relies upon the proposition that the Public Utilities Commission was without jurisdiction prior to 1929 and that the Act of 1929, under which the legislature attempted to give it jurisdiction, is unconstitutional because discriminatory.

The Inhabitants of the Town of Milo, appearing in opposition to the Water Company, directly challenge both propositions, contending that the Public Utilities Commission had and has jurisdic-

tion irrespective of the Act of 1929 and that the Act is constitutional. Thus the issues presented here are clearly drawn.

The jurisdiction of the Commission is expressly limited by the terms of the Act creating it to the utilities enumerated therein.

"The term 'public utility' when used in this chapter includes every common carrier, gas company, electrical company, telephone company, telegraph company, water company, wharfinger and warehouse man, as those terms are defined in this section, and each thereof is hereby declared to be a public utility and to be subject to the jurisdiction, control, and regulation of the commission and to the provisions of this chapter."

Sewage companies are not included. It is contended here, however, that when a water company conducts a sewage business, that branch of its activities is brought within the jurisdiction of the Commission. We can not agree with this contention. By like reasoning, if a railroad corporation maintained one or more hotels, the rates charged guests and the wages paid employees of such hotels would be subject to public supervision; or if an electrical company operated retail stores, the Public Utilities Commission would be entitled to fix the price at which it should sell electrical supplies. If the Commission has jurisdiction in this matter, it must be by reason of the Act of 1929; otherwise, it is entirely without authority in the premises.

If this Act is to be declared void, it must be because it is so manifestly in violation of the constitution as to leave no room for reasonable doubt. *Village Corporation* v. *Libby*, 126 Me., 549. "The constitutionality of a law is to be presumed until the contrary is shown beyond a reasonable doubt." *Laughlin* v. *Portland*, 111 Me., 486; *State* v. *Webber*, 125 Me., 321. "But it may be the duty of the Court to pronounce invalid an act which violates an express mandate of the constitution even if the act is expedient and has been determined by the legislature to be necessary." *Randall* v. *Patch*, 118 Me., 306.

The Act of 1929 referred to the Milo Water Company alone. It made the sewer system, established and maintained by that Company, a public utility. It had no effect upon the status of any other

sewer system or sewage company now in existence or which might come into existence.

Discriminatory statutes are not for that reason alone invalid. Classifications based on age, sex, occupation, degree of relationship and density of population are familiar. *Village Corporation* v. *Libby*, supra. But a classification must not be arbitrary; it must be reasonable. *State* v. *Leavitt*, 105 Me., 76; *Dirkin* v. *Paper Company*, 110 Me., 386; *State* v. *Lathan*, 115 Me., 176.

The legislature can not dispense with a general law for particular cases. *Lewis* v. *Webb*, 3 Me., 326. It has no power to exempt any particular person or corporation from the operation of the general law, statutory or common. *Milton* v. *Railroad Company*, 103 Me., 218.

"It is manifestly contrary to the first principles of civil liberty and natural justice and to the spirit of our constitution and laws that any one citizen should enjoy privileges and advantages which are denied to all others under like circumstances; or that anyone should be subjected to losses, damages, suits or actions, from which all others in like circumstances are exempted." *Holden* v. *James*, 11 Mass., 396; *Pierce* v. *Kimball*, 9 Me., 59.

"The discriminations which are open to objection are those where persons engaged in the same business are subjected to different restrictions or are held entitled to different privileges upon the same conditions. The inhibition of the XIV Amendment that no State shall deprive any person within its jurisdiction of the equal protection of the laws was designed to prevent any person or class of persons being singled out as a special subject for discriminating and favoring legislation. Hostile and favoring legislation would seem to be equally inhibited." *State* v. *Mitchell*, 97 Me., 66.

"Recognizing the right of the classification of industries and occupations, we must nevertheless always remember that the equal protection of the laws is guaranteed and that such equal protection is denied when, two parties being engaged in the same kind of business and under the same conditions, burdens are cast upon the one that are not cast upon the other." *Cotting* v. *Kansas City Stockyards*, 183 U. S., 79.

Authorities to the same effect might be added indefinitely.

The legislature did not make a general law covering all sewage

systems or even all water companies doing a sewage business. It made a separate class of the sewer system maintained by the Milo Water Company.

In determining the legality of classifications, the subject to be regulated, the character, extent and purpose of the regulation, the classes of persons or corporations affected by the regulation may all be considered. One of the essential requirements in order that the classification may not violate the constitutional guaranty as to equal protection of the law is that it must be natural and not capricious and arbitrary. The law requires something more than a mere designation of characteristics which will serve to divide into groups. Arbitrary selection or mere identification can not be justified by calling it classification. The characteristics which can serve as a basis of a valid classification must be such as to show an inherent difference in the subjects placed in separate classes which peculiarly requires and necessitates different or exclusive legislation with respect to them. A proper classification must embrace all who naturally belong to the class, or who possess a common disability, attribute or qualification, and there must be some natural and substantial difference germane to the subject and purposes of the legislation between those within the class included and those whom it leaves untouched.

"The legislature cannot take what might be termed a natural class of persons, divide that class into several, and then arbitrarily designate the dissevered fractions of the original unit as several classes and thereupon enact different rules for the government of each." *Fountain Park Company, App't* v. *George Hensler et al* (Ind.), 155 N. E., 465.

The effect of the legislation to which the Milo Water Company objects is to make a separate classification of the sewer system operated by that company. Even if it be assumed that a sewer company may, by appropriate general legislation, be designated as a public utility and made subject to the jurisdiction of the Public Utilities Commission, or, to narrow the question still more, if it be assumed that sewer systems operated by water companies might properly be so classified, the proposition would differ materially from that presented here.

The fact that Milo Water Company is the only water company

in the state, at the present time, operating a sewer system, if such is the fact (a matter not entirely clear in the record), has no bearing on the point at issue.

The next legislature might charter a dozen water companies and authorize each of them to maintain a sewer system. None of the sewer systems so maintained would be public utilities unless particularly designated as such. The sewer system of Milo might still be the only one under the jurisdiction of the Public Utilities Commission. Under such circumstances, the discriminatory nature of the amendment would be apparent. We think it is just as apparent in the present state of affairs, and we have no hesitation in declaring the legislation in question void because in direct violation of the Fourteenth Amendment to the Federal Constitution.

*Exceptions sustained.*