Isaac M. Boothby et al. *vs*. City of Westbrook et al.

Cumberland.    Opinion, November 13, 1941.

*Verrill, Hale, Dana & Walker,*

*Brooks Whitehouse,*

*Donald W. Philbrick,* for plaintiffs.

*Grover Welch,*

*Wade L. Bridgham,* for defendants.

SITTING: STURGIS, C. J., HUDSON, MANSER, WORSTER, MURCHIE, JJ. WORSTER, J., dissents.

STURGIS, C. J. This is a suit in equity brought by the owners of real estate in the City of Westbrook to enjoin the enforcement of a local ordinance which, prohibiting keeping explosives for sale within 300 feet of a school-house where a school is regularly maintained, restrains the use of their land for this purpose. The sitting justice hearing the cause dismissed the bill, and the complainants appeal.

On December 14, 1939, the Westbrook City Council passed an ordinance approved by the Mayor on December 15, 1939, which reads as follows:

"Ordinance Relating to the Keeping or Selling of Gasoline, Coal oils, burning fluids, naptha, benzine and all other explosive and illuminating substances. Be it ordained by the Aldermen of the City of Westbrook, in City Council Assembled:

"Sec. 1. No person, firm or corporation shall keep on deposit or in storage at any point within three hundred feet of a school house, where a school is regularly maintained, any gasoline, gun-powder, explosive oils or other dangerous substances to be sold and delivered at said point.

"Sec. 2. This ordinance shall not apply to owners of filling stations that are now legally established and in operation.

"Sec. 3. Whoever violates any of the provisions of this ordinance shall be subject to a fine of not more than twenty dollars."

In the light of the text and the title of the ordinance there can be no doubt that the Westbrook City Council in passing it attempted to exercise the authority to make and enforce ordinances or by-laws regulating the keeping or transporting of explosives and illuminating substances which is conferred upon cities and towns by P. L. 1939, Chap. 192, Sec. 2. The ordinance purports to be a fire prevention regulation as there authorized. It is not a zoning ordinance promulgated pursuant to or in conformity with the requirements of the statutes of this state authorizing cities, towns and village corporations to enact zoning ordinances and by-laws. R. S., Chap. 5, Secs. 137-144, and acts amendatory thereof.

The appellants, owning a parcel of land at the corner of Main and Pleasant Streets in Westbrook directly across from and within 300 feet of the building in which the Westbrook High School long has been and now is regularly maintained, on November 13, 1939, and prior to the passage of this ordinance, agreed in writing to sell this property to the Sun Oil Company for $6,500, subject to the right of either party to rescind the contract if the buyer, or seller of it, was unable to secure the necessary permits to carry on a gasoline and oil vending business. On application, the Sun Oil Company was granted a permit to erect a filling station on the land it had

arranged to purchase, but on the next day this ordinance was passed. It is conceded that the action of the Westbrook City Council resulted from the protests of interested citizens, and a reading of the record leaves no doubt that the real purpose of the regulation was to prevent the erection and maintenance of the filling station for which the Sun Oil Company had received a permit.

The Sun Oil Company is ready and willing to carry out its contract and acquire and pay for the land it agreed to buy, but its right of recission remaining still in force, it asserts its intention to refuse to complete the purchase if it cannot obtain the permits it needs to carry on a filling station business including the privilege of selling gasoline. Inasmuch as it is conceded that the City of Westbrook and its officials intend to enforce the ordinance, if it is valid and remains in force, the issuance of the necessary permits is precluded and the contract of sale will be nullified.

The Westbrook ordinance is assailed on the ground that, in exempting only the "owners of filling stations that are now regularly established and in operation" from its prohibition and denying to all other persons, firms or corporations the same right or privilege, the regulation is unreasonable and unlawfully discriminatory, transcends the legislative authority conferred on the city and denies the appellants the equal protection of the law guaranteed by the Fourteenth Amendment to the Constitution of the United States. The City of Westbrook questions the jurisdiction of the court to grant equitable relief even if the ordinance is invalid, and through counsel contends that no property rights of the appellants are invaded or jeopardized, and they have an adequate remedy at law.

It is well settled that the general rule is that equity will not intervene to prevent the enforcement of a criminal or regulatory ordinance providing a penalty for its violation even though unconstitutional. But a distinction obtains and equitable jurisdiction exists in such cases when the prevention of such prosecutions is necessary to effectually safeguard and

protect property rights and there is not a plain, adequate and complete remedy at law. *Hygrade Provision Co.* v. *Sherman,* 266 U. S., 497, 45 S. Ct., 141, 69 L. Ed., 402; *Packard* v. *Banton,* 264, U. S., 140, 44 S. Ct., 257, 68 L. Ed., 596; *Traux* v. *Raich,* 239 U. S., 33, 36 S. Ct., 7, 60 L. Ed., 131, L. R. A. 1916D, 545; 28 Am. Jur., 372. See *Chapman* v. *City of Portland,* 131 Me., 242, 160 A., 913.

Property is more than the mere thing which a person owns. It includes the right to acquire, use and dispose of it without control or diminution save by the law of the land, and the Constitution protects these essential attributes of property. If the enforcement of a statute or ordinance which is repugnant to the Fourteenth Amendment will deprive the owners of land of their right to dispose of it for lawful purposes, the threat to enforce the regulation constitutes a continuing unlawful restriction upon the property rights, and if the owners have no remedy at law as complete, practical and efficient as that which equity can afford, relief by injunction may be granted. *Buchanan* v. *Warley,* 245 U. S., 60, 38 S. Ct., 16, 62 L. Ed., 149, L. R. A. 1918C, 210, Ann. Cas. 1918A, 1201; *Terrace* v. *Thompson,* 263 U. S., 197, 44 S. Ct., 15, 68 L. Ed., 255. In the case at bar, the appellants desire to sell their land for a lawful purpose and, on this record, are prevented from consummating and enforcing a valid contract of sale therefor only by the ordinance here in question and the threat of its enforcement. In the light of the broad principles laid down in the cases cited, we think it should be held that a property right of the appellants is directly affected by the ordinance, and if the same is invalid, its enforcement should be restrained.There is no plain, adequate and complete remedy at law.

The City of Westbrook under the general authority granted by the statute undoubtedly had the right to pass an ordinance of the general scope and tenor found here. Authorized, reasonable regulations, not unlawfully discriminatory, which prohibit keeping oil, gasoline, gunpowder and other explosive and inflammable, and therefore dangerous, substances for sale

near churches, hospitals, schools and other buildings are invariably sustained as a proper exercise of the police power. *Pierce Oil Corp.* v. *City of Hope,* 248 U. S., 498, 39 S. Ct., 172, 63 L. Ed., 381; *Klever Karpet Cleaners* v. *Chicago,* 323 Ill., 368, 154 N. E., 131, 49 A. L. R., 103; *Cecil* v. *Toenjes,* 210 Iowa, 407, 228 N. W., 874; *Service Oil Co.* v. *City of Marysville,* 117 Kan., 514, 231 P., 1031, 43 A. L. R., 854; *Storer* v. *Downey,* 215 Mass., 273, 102 N. E., 321; *Ahoskie* v. *Moye,* 200 N. C., 11, 156 S. E., 130; *Morgan* v. *Collingswood,* 104 N. J. L., 13, 139 A., 718; *McIntosh* v. *Johnson,* 211 N. Y., 265, 105 N. E., 414, L. R. A. 1915D, 603; *State* v. *Combs,* 129 Ohio State, 251, 194 N. E., 875; *Burough* v. *Flenner,* 286 Pa., 193, 133 A., 30; *State* v. *Fleming,* 129 Wash., 646, 225 P., 647, 34 A. L. R., 500; 24 Am. Jur., 636; McQuillin Mun. Corp., Vol. 3, Sec. 1098.

It is fundamental, however, that a regulatory ordinance passed pursuant to a general legislative grant of power must be reasonable and not arbitrary and operate uniformly on all persons carrying on the same business under the same conditions. In the enactment of such regulations, proper classification may be made, the legislation confined to a certain class or classes, different rules prescribed in favor of or against a class and discriminatory restrictions made or privileges extended, provided the partiality shown and the discriminations effected are reasonable and rest on substantial differences and distinctions which have a valid and real relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike. The inhibition of the Fourteenth Amendment that no person should be deprived of the equal protection of the law is designed to prevent any person or class of persons being singled out as a special subject for discriminating or favoring legislation. *Colgate* v. *Harvey,* 296 U. S., 404, 56 S. Ct., 252, 80 L. Ed., 299; *Royster Guano Co.* v. *Virginia,* 253 U. S., 412, 40 S. Ct., 560, 64 L. Ed., 989; *State* v. *King,* 135 Me., 5, 188 A., 775; *In re Milo Water Co.,* 128 Me., 531, 149 A., 299; *State* v. *Latham,* 115 Me., 176, 178, 98 A., 578,

L. R. A., 1917A, 480; *Dirkin* v. *Paper Company*, 110 Me., 374, 386, 86 A., 320, Ann. Cas., 1914D, 396.

Tested by these rules, the vices of the Westbrook ordinance are apparent. In its general provisions it prohibits the sale of the enumerated explosives and inflammable substances by any person, firm or corporation within the limits of the proscribed areas. It includes the druggist, the grocer, the dealer in hardware and the garage keeper as well as the owner of a filling station. It prohibits not only the keeping for sale of gasoline but also "gunpowder" and "explosive oils" and "other dangerous substances," commodities which are kept, handled and sold by all manner of merchants, and traders in all kinds of establishments and places of business. From this general class of dealers in explosives is "singled out as a special subject for favoring legislation" owners of existing filling stations, while all others are forbidden to carry on the same business in the same place regardless of whether they are beginners in the field or are already in business in establishments representing comparable investments and as well constructed and fortified against fire and explosion. In so far as fire prevention is concerned, which is the sole legitimate purpose for which the ordinance could be enacted and is authorized, no real and valid distinction between the businesses prohibited and those permitted by the exemption clause is discoverable. Whether carried on in an existing filling station, in a new one, or in any other properly constructed building, the explosive business is the same and the fire hazard as great. Allowing the owners of existing filling stations to continue to operate certainly does not promote fire prevention. Exempting such owners from the provisions of the regulation solely because they were operating and their stations were in existence when the ordinance went into effect is, we think, an arbitrary discrimination between persons, firms and corporations carrying on the same business under substantially the same conditions, and upon grounds which bear no reasonable or real relation to the legitimate purpose of the law. Its effect is to invest the owners of existing filling

stations with a monopoly in the explosive business in the designated territory. We are convinced the ordinance is not reasonable within the meaning of the enabling act in which lies authority for its passage. Its arbitrary discriminations violate the Fourteenth Amendment.

The clear weight of authority condemns ordinances and bylaws of the type found here for unreasonableness and unlawful discrimination. These rulings are based on the view that municipal laws which prohibit the carrying on of a certain business in a designated locality but provide that the legislation shall not apply to a similar business already established there foster and permit monopoly and classify for the purpose of regulation without any reasonable relation to the end in view. *Standard Oil Co.* v. *City of Charlottesville*, 42 F. (2d), 88; *Gamage* v. *Masonic Cemetery Ass'n.*, 31 F. (2d), 308; *Ex parte Dondero*, 19 Cal. App., 66, 124 P., 884; *Tugman* v. *City of Chicago*, 78 Ill., 405; *People* v. *Kaul*, 302 Ill., 317, 134 N. E., 740; *Weadock* v. *Judge*, 156 Mich., 376, 120 N. W., 991, 132 Am. St. Rep., 527; *Town of Clinton* v. *Standard Oil Co.*, 193 N. C., 432, 137 S. E., 183, 55 A. L. R., 252; *Mayor* v. *Thorne*, 7 *Paige* (N. Y.), 261; 19 R. C. L., 812.

We are aware that *Sammarco et al.* v. *Boysa*, 193 Wis., 642, 215 N. W., 446, 55 A. L. R., 370, is in direct conflict with the authorities just cited. Although the case arrests attention, neither reason nor authority there stated is convincing warrant for departure from the majority rule. No more controlling are cases which sustain the validity of the tolerance of the continued existence of non-conforming structures and uses in zoning laws. Such legislation, although enacted in the exercise of the police power, is markedly different in principle and purpose from regulations of the type under consideration, and is governed by entirely different rules of law. It is the trend of judicial opinion that this distinction is real and must be recognized. *Standard Oil Co.* v. *City of Charlottesville*, supra; *Gamage* v. *Masonic Cemetery Ass'n.*, supra; *City of Aurora* v. *Burns*, 319 Ill., 84-98, 149 N. E., 784; *Elizabeth City* v. *Ayd-*

*lett,* 201 N. C., 602, 161 S. E., 78. That this distinction should be observed in this jurisdiction is patent. The exemption of existing non-conforming structures and uses from the provisions of zoning ordinances and by-laws is expressly sanctioned by the zoning statute. R. S. 1930, Chap. 5, Secs. 137-144, and acts amendatory thereof, *supra.* There is no authority for such exemption in the fire prevention statute. P. L. 1939, Chap. 192, Sec. 2. The failure to provide for the exercise of that right, we must assume, was intentional. This court cannot supply the omission by resort to construction. Under these statutes there is no warrant by analogy or otherwise for reading into a fire prevention regulation the special right to exempt non-conforming structures and uses given only to municipalities by the zoning law.

The Westbrook ordinance being void, its enforcement must be enjoined. The appeal is sustained and the case remanded to the court below for entry of a decree granting the injunctive relief to which the appellants are entitled.

WORSTER, J., dissents. *So ordered.*