JOHNSON ET AL., APPELLEES, *v.* VILLAGE OF GENEVA ON THE
LAKE ET AL., APPELLANTS.

(No. 568—Decided June 11, 1962.)

*Mr. H. Herschel Hunt* and *Mr. Ralph Del Fraino,* for appellees.

*Mr. Lyle F. Merritt,* for appellants.

BROWN, P. J.   Ordinance number 480 of the village of
Geneva on the Lake, enacted March, 1961, provides that no license or permit shall be issued for the operation of any business in the village in a structure erected upon or moved onto property after the adoption of the village building code, which does not comply with that code.   This ordinance, as amended, specifically includes trailers as structures.

The building code was enacted November 19, 1951.

Plaintiffs became lessees of a parcel of land in the village on August 8, 1960, and conducted a commercial business upon such premises during certain seasons of each year in specially constructed trailers which were moved on the lot during the same seasons each year.

Counsel vigorously argued that the building code is invalid in that it was not properly enacted, incorporated by reference parts of regulations and restrictions not contained in the ordinance or read or posted during its enactment, and in that the originally contained word "structures" was amended and defined by a later ordinance to include trailers.

We do not need to pass on these aspects of claimed invalidity of the building code.

It is a fundamental principle that municipal ordinances must be reasonable and may not be arbitrary, discriminating or capricious. 39 Ohio Jurisprudence (2d), 34, Section 304.

It is plain that the purpose of ordinance number 480 is to prohibit the business use of trailers and buildings not conforming with the building code where these trailers or buildings were erected or moved upon the lots after the building code and to permit the business use of those pre-existing the building code. As to such as were erected or moved into the village between the date of the building code and the date of ordinance number 480, the ordinance is retroactive. As to those erected upon or moved onto lots in the village after ordinance number 480 it is discriminatory and unreasonable. 5 McQuillin, Municipal Corporations, Third Edition, 427, Section 18.14; *Ex parte Bohen*, 115 Cal., 372, 47 P., 55, 36 L. R. A., 618; *Ex parte Dondero*, 19 Cal. App., 66, 124 P., 884; *Ex parte Kordoulis*, 27 Cal. App., 4, 148 P., 800; *State, ex rel. Ford Hopkins Co.,* v. *Mayor and Common Council of City of Watertown*, 226 Wis., 215, 276 N. W., 311. For other cases see West's Decennial Digest, Municipal Corporations, Key No. 626.

The enforcement of ordinance number 480 is therefore enjoined, and the license applied for is ordered issued.

*Judgment accordingly.*

Donahue and Griffith, JJ., concur.